THE STATE v. LINHART.

Continuance: IN PRISONER'S ABSENCE. A continuance of a criminal case to a special term, at which a neighboring judge was to preside by interchange, when the prisoner was not present in court, though his counsel was, and consented thereto, is not regarded a sufficient error to reverse the judgment, when it appears that such continuance would have occurred by operation of law on account of the previous connection of the presiding judge with the case.

*Appeal from Clayton District Court.*

MONDAY, DECEMBER 9.

*Reuben Noble* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

LOWE, Ch. J. — Being indicted, the defendant was tried and convicted of murder in the second degree, and sentenced to the penitentiary for life. His counsel, in bringing the record of his trial before us, suggest in argument two points of possible error in the proceedings:

CONTINUANCE: in prisoner's absence.

*First.* That the court appointed a special term, and had the cause continued to the same, at a time when the defendant was not personally present in the court. It is

submitted by his counsel that this was irregular, and vitiates the conviction. The circumstances giving rise to this action of the court were these: At the time the defendant was indicted, Milo McGlathery was the prosecuting attorney of his judicial district and drew the indictment found by the grand jury.

At a subsequent term when the prisoner was held for trial, the said McGlathery was the presiding judge, having in the interim been duly elected and qualified as such. But in law he was incompetent to preside at the trial of the defendant, for the reason above suggested.

His power under the circumstances, however, to appoint under the Revision a special term for the transaction of the legal business of the county, suited to the convenience of a neighboring judge, is not seriously questioned. The point of the objection goes to the continuance of the prosecution to that special term in the personal absence of the prisoner, although his counsel was at the time in court agreeing and consenting thereto.

Our reply to this seeming error in the proceedings is one that will not interfere with the general rule relating to the personal presence of the defendant. In this case the continuance resulted from the operation of the statute, and not the act of the court.

The court was disqualified from acting in the premises, and if it had ordered a continuance, which it did not, it would have been an act of supererogation, and without prejudice to the defendant.

The record shows that when a special term was appointed, the counsel for the State and the defendant consented that the cause should stand continued to the special term. But this agreement was wholly superfluous, for in its observance the same result would have been accomplished under the operation of law. No different result would have been obtained if the prisoner had been

in court, and, therefore, in no possible view was he prejudiced, without which we have no right to interfere.

*Second.* It is again said that the verdict was not warranted by the evidence; we find from reading the same as set forth in the record, that it is almost exclusively circumstantial, nevertheless, that the circumstances occurring just before and subsequent to the death of the murdered man, do so connect the defendant with the murderous transaction, as that it could reasonably justify the jury in finding that the defendant was the guilty perpetrator of the act.   We could not, therefore, say that the court below did wrong in refusing a new trial for the alleged ground that the verdict was against the evidence.

The proceedings are

Affirmed.